Balboa Capital v. Vital Pharmaceuticals. Okay, Mr. Hurtis. May it please the court. Good morning, Your Honors. Daniel Hurtis. My name is Daniel Hurtis, and I represent the appellants Vital Pharmaceuticals and John Owok. This court should reverse the district court's award of prejudgment interest in attorney's fees for a number of reasons. First, the prejudgment interest was awarded on an unliquidated amount of damages, which is contrary to Connecticut law. There was no demand for the liquidated amount as required by Connecticut law, and the equities did not call for prejudgment interest. Second, the interest rate awarded exceeded that permitted by law. And finally, the appellee was not the prevailing party to be entitled to attorney's fees. I'm going to start with the factual background because I think it's very important to interpreting the law here. In response to Balboa's motion for final judgment, Vital separately enumerated and addressed each of Balboa's requests for relief under prejudgment interest at 18% annual rate from August 2015. This is what your client wrote. Defendants do not contest the validity of the 18% annual prejudgment interest rate, right? That is correct, Your Honor. And you did not include any other discussion of the award for prejudgment interest, right? That is accurate, Your Honor. And what do we have to talk about? So in that, what Your Honor is referencing, that refers to the interest rate. It says that we do not waive any issues related to the summary judgment. Yeah, it doesn't, whether they're entitled to final judgment in their favor. But it affirmatively appears to me to disclaim any issue that should judgment in the plaintiff's favor be owed, be appropriate. It appears to affirmatively disclaim any issue that would then arise about the awarding of prejudgment interest. No? So I interpret that differently. It does say that it preserves the issues in relation to the summary judgment motion. The final judgment in the plaintiff's favor. That's accurate. Appellants did challenge through a Rule 60 motion the district court's omnibus order on summary judgments, and they did challenge the prejudgment interest being awarded on an unliquidated sum. So I actually have a related question, which is that I read that to mean that if judgment, and it's true, you did challenge the prejudgment interest thing. But I read it to mean that if. If there was going to be prejudgment interest awarded, you did not contest that it would be awarded at 18 percent. Your Honor, that is my reading as well. However, we do see this as a purely legal issue that can be raised. But you didn't preserve it. You didn't preserve it, and you didn't give the district court the opportunity to address it. And it's true. We can address purely legal issues, but we don't just do it because they're purely legal issues. I mean, there have to be other considerations that would warrant it, and here I'm not seeing them. I mean, especially when you affirmatively said it looks like a waiver, actually, even as opposed to a forfeiture. So why would we do it if there's a waiver? I don't even know that we can. Your Honor, if you look at how this was presented to the district court, Appellee presented, I think it was paragraph four of the lease agreement between the parties. And it's just a blatant error. If you look, it says that it's 1.5 percent. But it's a blatant error you waived. So why isn't that a waiver, I guess is my question. Our position is that it was a purely legal issue that can be dealt with. Right, but did you ever tell the district court in words or substance that your view of section 37-3A of the Connecticut law? Did you ever bring that to the district court's attention? The framework was brought to the district court's attention. No, no, but my question is a little bit more precise than that. The statute itself? Yeah. Did you ever say to the judge, we got a statute, Judge. It's right on point. It says blah, blah, blah. The statute was not brought to the district court's attention. However, we're relying on the Supreme Court's ruling in Yeaver, City of Escondido, 503 U.S. 519. And this court's decision in Puglisi, Pucca Development Incorporated, where appellants are not required to present argument on appeal precisely the same as they were raised to the district court. A party can take a new approach. This court in Puglisi stated that while new claims or issues may not be raised for the first time on appeal, new arguments relating to preserved claims may. And that's Puglisi v. Pucca Development Incorporated, 550 Federal 3rd 1299. Seems to me irrelevant. If you waived the prejudgment interest issue, which it appears to me you did. I mean, your response to that is it's a pure issue of law, which is unresponsive. But that's as to I mean, if you read the last sentence of the line that you're on a reference, it's defendants do not contest the validity of the 18 percent annual. Yeah, that's right under where it says prejudgment interest rate at 18 percent annual rate from August 2015. Right. That's just a heading, Your Honor. Heading. Right. Yeah, it certainly would suggest to the to the district court that, hey, look, we think we're in tight with the plaintiff's not entitled to a final judgment in its favor. But if if it if final judgments entered, we're not contesting prejudgment interest from August 2015 at 18 percent. Your Honor, so that issue, the 2015 interest rate through through 2021, I believe it is that was raised prior to this in the motion for relief from the district court's omnibus order on summary judgment. That's after the fact. But it's before this. And this does say that we preserve all issues raised in relation to appeal. Let me ask you a question. Let me come at the question slightly differently. When you read the what the district court said, the district court didn't read the argument you made the way you're spending it now, did he? The district judge assumed that issue was a nonissue, didn't he? It seemed the way his his order was written as to the motion for entry of final judgment, that he just accepted the 18 percent without looking any further. Well, if he did more than that, didn't he essentially say this is not an issue in contest and dispute? But I think the judge had overlooked the priority. He may have made a mistake, but I'm just you. You can understand why we're raising a question when the trial judge himself. Looked at it as if you had waived this issue. So the issue had been raised prior and the judge had rejected it. You know, it wasn't challenged here. It was challenged subsequently in a motion to amend or alter the final judgment where the issue was raised again. Challenging the award of interest from 2015. Right. Let me ask the question differently. Even assuming arguendo that the issue had not been raised, wouldn't the controlling law be 37 one rather than 37 three, in which case the award of prejudgment interest would be governed by what was in the agreement? But I believe it would be 37 three a that says that I understand that I'm asking why that is the governing law here. That's what applies to civil cases, and it says pursuant to Connecticut law, the maximum amount permitted is 10 percent. OK. Going back to the factual circumstances, the district court judge ruled in his omnibus order. The district court judge found that they had slept on their rights and did not actually do anything for three years, and therefore they. Let me ask you, you don't have much time left. You might want to say a word or two about the other issue. The attorney's fees. Yes, your honor. And that's what this goes to, your honor. So the issue was whether they were entitled to back rents that was challenged through motion for summary judgment. Appellants were victorious in the district court finding that a Pele had slept on their rights and were only entitled to the fair market value of the equipment. The judge further instructed the parties that if we were unable to come to terms as to the fair market value, it should go to arbitration. And that's what did happen. The parties initiated arbitration proceedings. And at those proceedings, appellant once again was victorious, where the arbitrator ruled in our favor and found that we had proposed the correct fair market value. So here on two grounds, we were the appellants argued that they were only entitled to the fair market value. That's what the district court had ruled. Subsequently, through arbitration, a judgment entered by the court read this way. The judgment is hereby entered in favor of Balboa and against VPX in the amount of $275,000 plus prejudgment interest. Why wasn't the other side, the prevailing party, even if you go beyond what had been agreed to by contract? So we're relying on it's the premier case, Premier Capital Incorporated versus Grossman. That's 92 Connecticut Appendix 6, 6, 652, where. The court in premier acknowledged that the fact to be a prevailing party does not depend upon the degree of success at different stages of the suit, but on whether at the end of the suit or other proceedings, the party who has made a claim against the other has successfully maintained it. If he has, he is the prevailing party here. Appellants never challenged that. We've always said that the fair market value was doing. Oh, let me ask you just one other thing in that regard. The district court also granted Balboa's motion for partial summary judgment in part. Did did he not? The judge did, Your Honor. Would that not make that party the prevailing party? If we went beyond what had been agreed to in writing. So I think if you look at what the judge said, he did grant it. And part of that was the interest that was also granted in that order. But if you look at the judge's ruling, he did not rule in their favor on what they were pursuing, which was the back rents. OK, Mr. Hurt is you've saved five minutes. Thank you, Your Honor. Let's hear from Mr. Confrater. Good morning. Excuse me. Good morning, Your Honors. May it please the court. Ralph Confrater on behalf of Balboa Capital Corporation. Your Honors, before I begin, I'd like to address what the court was discussing regarding the waiver. It looks like everything in this case is waived. That is our opinion, Your Honor. And that's our argument. But specifically, the waiver of the appellant's waiver in the response to the motion. There's a waiver issue as to interest and there's a prejudgment interest and a waiver issue with respect to attorney's fees, right? Correct. But the waiver is. Which one are we going to talk about first? The prejudgment interest. In addition to arguing that this statute was never presented in front of the district court and appellants acknowledge the standard of review is abusive discretion. It's very difficult to meet that burden if this argument was never presented to the district court. But beyond that, as far as appellants specific waiver, they did twice and they they agreed in in response to Balboa's motion for entry of the consent judgment. As your honors acknowledge, they agree to the complete award. Yes, they research to me is a species of waiver. They called invited air. Correct, Your Honor. And we cited that in our brief. Another case that we cited is the U.S. versus Fulford case. It was a criminal case, but it dealt with jury instructions and defense counsel in that case merely stated that's acceptable to us. And this court said that that was a waiver to challenge the jury instruction on appeal. In this case, it was more so again, it was twice the first time appellants agreed to the complete award, the interest rate, the accrual date, everything. When the court the court actually, as your honors acknowledge, the court actually relied in part on that wave on that waiver and said the only issue in dispute is whether or not the appellees are entitled to their attorney's fees. So after the court entered judgment, the appellants once again waived it by stipulating to the interest rate. And the and just disputing the accrual date, the district court rejected that relying on the clear terms of the contract, which require the fair market sale value to be paid at the end of the lease term. So in essence. And they fall back on their contract arguments to say that they didn't wait. Right. That because they contested their liability under the contract, they say they weren't waiving this issue. But the record says what the record says. Right, your honor. And actually more specific, if you look at their disclaimer or the qualifying language that they include in their response, they actually reserve arguments as to prejudgment interest made at summary judgment. They didn't make any arguments as to prejudgment interest at summary judgment. What about attorneys fees? So attorneys fees, your honor. As your honors have acknowledged, the court granted Balboa's motion for summary judgment and actually denied the appellant's motion for summary judgment. On that basis alone, Balboa is the prevailing party. But if you look at the at the Connecticut law regarding regarding this, our position number one is that Balboa wasn't required to establish it was the prevailing party under the clear terms of the contract. Balboa is entitled to attorney's fees merely for enforcing its rights under the contract. The district court found that this action was necessitated in order for Balboa to achieve the to to get the fair market sale value. It wasn't voluntarily paid by appellants. Yeah, here's here's my understanding of the way it went down. Balboa filed. You file a motion for attorney's fees and costs. Vitals does not dispute the calculated amount. Right, except to assert that Balboa should not be awarded attorney's fees related to the arbitration proceeding. But you had specifically excluded that, as I understand it, from your demand. That's correct, Your Honor. The the the actual district court ordered that we were not entitled to those. Yeah. And so then the magistrate judge's report and recommendation determines that vital did not object to the calculated amount. Right. Correct. And then it all turns on prevailing party. Correct. And so, Your Honor, we actually again, it's our we have three arguments in opposition. The first is that Balboa is not required to establish it's the prevailing party. However, in the event that it is required, it has the facts of the record before the court established we are the prevailing party. We actually rely on the same case that the appellants rely on the premier case. And what the premier case says is that in order to determine a prevailing party under Connecticut law, you must look to the claims asserted. And at the end of the day, who prevailed on those claims? It's as simple as that, Your Honors. In this case, Balboa asserted two claims against the defendants. Breach of contract under the master lease and breach of the guarantee. The district court found that the defendants breached those contracts. Therefore, at the end of the day, regardless of whether Balboa achieved all of what it asked for, it prevailed on those two counts. It's as simple as that. And so the premier case actually supports Balboa's position that it is the prevailing party in this case. Anything else? No, Your Honor. At this time, we would stand on our briefs and request that the court affirm the final judgment, the orders denying motion to alter, and the district court's order affirming the magistrate's report and recommendation as to attorney's fees. Thank you. Thank you, Mr. Confredo. Mr. Hurtis, you've got five minutes. Thank you, Your Honor. And I don't want to be repetitive. However, it is appellant's position that the argument as to prejudgment interest was preserved through the language that was included in the opposition to the entry of final judgment by stating that defendants do not contest the validity of the 18 percent annual prejudgment interest, but does preserve and reserve all arguments raised as to plaintiff's summary judgment request. Right. And if you lose on that, then it looks to me the only reasonable way to read that is Balboa gets prejudgment interest at 18 percent from August 2015. My reading is that they could potentially get the 18 percent, but not as to the 2015 date because the amount was unliquidated, which is a requirement of Connecticut law. They also never made demand on appellant for the liquidated sum, which is required by Connecticut law. And then finally, the equities are what required which is the final element. And here the judge found that they had slept on the rights awarding prejudgment interest from 2015 is contrary to the ruling that they weren't entitled to back rents by sleeping on their rights. And if there's no more questions, I will rest on our briefs. Thank you. Thank you, Your Honors. We'll move on to our third.